IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| AFFILIATED FM INSURANCE COMPANY, as subrogee of Kirchhoff Automotive Manchester Inc. f/k/a VR Volunteer Inc., | ) ) ) ) ) |
| Plaintiff, | ) No. 3:21-cv-00202-CEA-DCP |
| vs. | ) ) JURY DEMAND |
| RANDSTAD NORTH AMERICA, INC. | ) ) |
| Defendant. | |

# FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, Affiliated FM Insurance Company ("Affiliated FM" or "Plaintiff") as subrogee of Kirchhoff Automotive Manchester Inc. f/k/a VR Volunteer Inc., and hereby brings forth this First Amended Complaint against Defendant, Randstad North America, Inc. ("Randstad" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This subrogation action arises from the June 6, 2018 fire (the "Fire") (hereinafter the "Fire") which damaged an automotive plant owned by Affiliated FM's insured, Kirchhoff Automotive Manchester Inc. f/k/a VR Volunteer Inc. ("Kirchhoff"), and is based upon Defendant Randstad's negligence which caused the Fire and resulting property damage.

## THE PARTIES

2. Plaintiff Affiliated FM is a Rhode Island corporation with its principal place of business located at 270 Central Avenue, Johnston, Rhode Island 02919. Affiliated FM is and

1

was at all times material hereto engaged in the insurance business and licensed to issue insurance policies in the State of Tennessee.

3. Defendant Randstad is a Delaware corporation authorized to do business in Tennessee with its principal place of business located at 3625 Cumberland Blvd SE, Atlanta, Georgia 30339-3361.

## JURISDICTION AND VENUE

4. This Federal Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332 based upon complete diversity of citizenship between the parties and a controversy, exclusive of interest and costs that exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars.

5. Venue is proper in the Eastern District of Tennessee under 28 U.S.C. §1391 because the Plant is located in Manchester, Coffee County, Tennessee and the subject Fire occurred in Manchester, Coffee County, Tennessee.

## GENERAL ALLEGATIONS

6. Affiliated FM incorporates by reference the preceding averments as though fully set forth herein at length.

7. At all times material hereto, Kirchhoff owned an automotive plant located at 1021 Volunteer Parkway Manchester, Tennessee 37355 (hereinafter the "Plant").

8. At all times pertinent hereto, Affiliated FM insured Kirchhoff's property at the Plant under Policy No. MK736 (hereinafter the "Policy").

9. Randstad is a national staffing company that provides businesses with temporary employees in various industries.

10. Starting in early 2016, Randstad representatives communicated with representatives of Kirchhoff to get a better understanding of Kirchhoff's business, Kirchhoff's working environment at the Plant and the kind of personalities and working styles that Kirchhoff required for its staffing needs.

11. Starting in early 2016 and up until the date of the Fire, Kirchhoff repeatedly communicated its staffing needs and its required minimum worker qualifications to Randstad. Such needs included employees who were qualified, fit and competent to work within and comply with Kirchhoff's rules and guidelines.

12. Starting in early 2016 and up until the date of the Fire, Kirchhoff repeatedly communicated to Randstad that Kirchhoff had a strictly enforced smoking policy at the Plant, which prohibited workers from smoking in certain areas of the Plant.

13. Starting in early 2016 and up until the date of the Fire, Randstad repeatedly represented to Kirchhoff that Randstad's approach to meeting Kirchhoff's staffing needs would enable Randstad to make better pairings and deliver talent to Kirchhoff with both the skills and working style needed to succeed in Kirchhoff's workplace.

14. Starting in early 2016 and up until the date of the Fire, Randstad repeatedly represented to Kirchhoff that it would only supply personnel to Kirchhoff that would comply with Kirchhoff's rules and regulations, including Kirchhoff's policies/prohibitions against smoking in certain areas of the Plant.

15. Starting in early 2016 and up until the date of the Fire, Randstad repeatedly marketed itself and represented to Kirchhoff that it was providing qualified temporary employees to Kirchhoff as well as taking care of the administrative hassle of screening, hiring, payroll and paperwork associated with those temporary employees.

16. On or about April 6, 2016, Kirchhoff and Randstad entered into a staffing agreement (the "Agreement") whereby Randstad agreed to fulfill certain of Kirchhoff's staffing needs. A true and accurate copy of the Agreement is attached hereto as **Exhibit 1**.

17. Randstad supplied Mr. David Smith to Kirchhoff to perform certain work at the Plant, including work as a forklift operator in areas of the Plant where smoking was prohibited.

18. Randstad represented to Kirchhoff that David Smith was fit, competent and able to perform the identified work in compliance with Kirchhoff's rules and guidelines, including, but not limited to, Kirchhoff's rules with respect to smoking.

19. Unbeknownst to Kirchhoff, Randstad failed to properly screen, interview, and/or evaluate David Smith for working at the Plant, as Mr. Smith had a long standing propensity and habit of smoking cigarettes.

20. On or about June 6, 2018, the Fire occurred in an area of the Plant near where David Smith had been operating a forklift. The Fire occurred because David Smith negligently discarded a cigarette he had been smoking in an area where smoking was strictly prohibited.

21. At the time David Smith negligently discarded his cigarette, Randstad had not resigned full control over Mr. Smith's employment to Kirchhoff as the terms of the Agreement make clear that no changes to the job or duties of any Randstad employee could be made by Kirchhoff without Kirchhoff first giving Randstad prior written notice and Randstad responding with approval.

22. Upon receiving notice about the Fire, a Randstad supervisor came to the Plant on the date of the Fire and terminated Mr. Smith's employment with Randstad that day.

23. As a result of the Fire, Kirchhoff sustained significant property damage losses in the total sum of $8,971,482.23.

24. Pursuant to the terms and conditions of the Policy, Affiliated FM has made payments to Kirchhoff for property damage and time element losses in the total amount of $8,961,482.23, exclusive of Kirchhoff's $10,000.00 deductible.

25. In accordance with the common law principles of equitable and/or legal subrogation and the terms of the Policy, Affiliated FM is subrogated to the rights of Kirchhoff with respect to the payments it has made to compensate Kirchhoff for the aforementioned property damage, and seeks recovery of the amounts it has paid to Kirchhoff under the Policy.

26. David Smith's conduct in smoking in a prohibited area violated Kirchhoff's rules and guidelines.

27. But for Randstad's negligent hiring, training and placement of Mr. Smith at Kirchhoff's Plant which resulted in Mr. Smith smoking and discarding a cigarette in a non-smoking area, the Fire would not have occurred.

## COUNT I – NEGLIGENCE

28. Affiliated FM re-alleges all paragraphs of this Amended Complaint as if set forth fully herein.

29. Randstad is in the business of staffing businesses like Kirchhoff with temporary employees to operate forklifts in areas where smoking is prohibited.

30. At all times mentioned herein, Randstad was responsible for hiring and training David Smith to ensure that David Smith was able to perform identified work in compliance with Kirchhoff's rules and guidelines.

31. At all times mentioned herein, Randstad paid Mr. Smith and only Randstad had the power to fire Mr. Smith from his position.

32. At all times mentioned herein, David Smith was acting within the course and scope of his employment with Randstad.

33. At all times mentioned herein, Randstad's David Smith had a duty to perform his work in a safe manner and in accordance with Kirchhoff's rules and regulations.

34. Randstad's David Smith failed to perform his work in a safe manner. Specifically, Mr. Smith discarded a lit cigarette into or on top of cardboard boxes or plastic wrap within an area of the Plant where smoking was prohibited.

35. As a result of Randstad's David Smith's failure to perform his work in a safe manner, a fire ignited at the Plant on June 6, 2018 which caused widespread damage to the Plant and its contents.

36. As a result of the Fire caused by Randstad's employee's negligence, Affiliated FM, as subrogee of Kirchhoff, has incurred damages in the total amount of $8,961,482.23 plus interest and costs.

37. Randstad is vicariously liable for David Smith's negligence in causing the Fire and resultant damages.

**COUNT II – NEGLIGENT HIRING/RETENTION/TRAINING/SUPERVISION**

38. Affiliated FM re-alleges all paragraphs of this Amended Complaint as if set forth fully herein.

39. Randstad hired David Smith, and at all times mentioned herein, David Smith was acting within the course and scope of his duties for Randstad.

40. Randstad owed a duty of care to Kirchhoff, to take reasonable care to ensure that employees, like David Smith, which Randstad placed to work at the Plant were not unfit, incompetent or otherwise dangerous to Plaintiffs.

41. Randstad owed a duty of care to Kirchhoff and, through subrogation, to Affiliated FM, to use reasonable care when selecting, screening, hiring and assigning personnel to perform work at the Plant.

42. At all times mentioned herein, Randstad was well aware of Kirchhoff's business operations as well as Kirchhoff's rules, regulations and prohibitions against smoking at the Plant.

43. David Smith's long standing propensity and psychological habit of smoking cigarettes made him unfit and/or or incompetent to work as a forklift operator in areas of the Plant where smoking was prohibited.

44. Despite actual or constructive knowledge of these characteristics, Randstad hired, assigned, and placed its employee David Smith with Kirchhoff.

45. At the time Randstad hired and assigned David Smith to work at the Kirchhoff Plant, Randstad knew or reasonably should have known that David Smith was unfit and/or incompetent and that his unfitness to work in areas where smoking was prohibited created a significant hazard and risk to others.

46. Randstad failed to exercise reasonable care in its screening, hiring, assigning, and placement of its employee David Smith with Kirchhoff.

47. Randstad also failed to exercise reasonable care by failing to provide sufficient job training or supervision to David Smith as an employee for the job performance/duties at the Plant.

48. Randstad breached its duty by failing to use ordinary and/or reasonable care in its selection, hiring, and assignment of David Smith to work at the Plant.

49. As a result of Randstad's breach of duty, Randstad assigned Mr. Smith to Kirchhoff, a worker who was unable and/or unwilling to perform the identified work in

compliance with Kirchhoff's rules and guidelines, as evidence by his actions in smoking and then discarding a lit cigarette into or on top of cardboard boxes or plastic wrap within an area of the Plant where smoking was prohibited which cause the Fire.

50. At all times mentioned herein, Randstad was further negligent in failing to provide sufficient job training or supervision to David Smith as an employee for job performance/duties at the Plant.

51. As a result of Randstad's negligence, Affiliated FM has incurred damages in the total amount of $8,961,482.23.

**WHEREFORE,** Plaintiff respectfully pray as follows:

1. That a copy of this Amended Complaint be served upon Defendant Randstad, and that Randstad be required to respond within the time prescribed by the Federal Rules of Civil Procedure;

2. That Plaintiff recover a judgment against Defendant in an amount to be proven at trial but currently estimated to exceed $8,961,482.23, together with pre-judgment interest and post-judgment interest at the maximum allowable rate and all costs and expenses; and

3. That Plaintiff have such other, further and general relief to which it may be entitled.

**PLAINTIFF DEMANDS A JURY OF TWELVE PERSONS TO TRY ALL ISSUES**

                                              Respectfully submitted,

                                              /s/ Jefferson C. Orr
                                              Vic L. McConnell, Esq. (BPR #19828)
                                              Jefferson C. Orr, Esq. (*pro hac vice* – BPR #12743)
                                              SMITH CASHION & ORR, PLC
                                              3100 West End Avenue
                                              Suite 800 – One American Center
                                              Nashville, TN 37203

Telephone: (615) 742-8555  
Facsimile: (615) 742-8556  
vmcconnell@smithcashion.com  
jorr@smithcashion.com  
*Attorneys for Plaintiff Affiliated FM Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been forwarded via the ECF System or U.S. First Class Mail, postage prepaid, on this 23rd day of July, 2021, to the following:

Taylor B. Mayes  
Kevin C. Baltz  
Butler Snow, LLP  
The Pinnacle at Symphony Place  
150 Third Avenue, South  
Suite 1600  
Nashville, TN 37201  
(615) 651-6700 – Tel  
Taylor.Mayes@butlersnow.com  
Kevin.baltz@butlersnow.com  
*Attorneys for Defendant Randstad North America, Inc.*

/s/ Jefferson C. Orr